HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT YANCEY, et al.,

    Plaintiffs,

    v.

THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD,

    Defendant.

CASE NO. C11-1329RAJ

ORDER

    The court issues this order to assist the parties as they prepare for trial, which is set to commence on September 17, 2012.

    There are three summary judgment motions pending, as well as Defendant's not-yet-ripe motion for the court to appoint a settlement judge. Plaintiffs have not responded to that motion yet, but the motion itself indicates that Plaintiffs are willing to participate in a settlement conference with a judge, but that they will not travel from their home in North Dakota to Seattle to attend that conference.

    It is apparent from the record that Plaintiffs have legitimate reasons for hoping to avoid traveling to Seattle for a settlement conference. The court is aware that they have already traveled to Seattle for a previous mediation. The court will not order Plaintiffs to personally appear for a settlement conference, although it may order them to participate remotely (by telephone or video) in a settlement conference. Plaintiffs' response to

ORDER – 1

Defendant's motion to appoint a settlement judge is due August 13.  They should use that response to update the court as to their position regarding a judicial settlement conference.

The court advises the parties that their trial will not begin on September 17.  The court's intention is to commence trial on September 18, but it cannot guarantee that date until it receives additional information about an unrelated scheduling conflict.

During the week of August 20-24, the court will resolve several issues related to the parties' motions and the trial date.  First, it will determine if there is a judge willing to conduct a settlement conference with the parties.  The court advises the parties that there is no guarantee that any judge will be available.  Second, the court will inform the parties whether their trial will begin on September 18 or a later date.  Third, the court will issue an order on the parties' motions for summary judgment.

The court has reviewed the parties' summary judgment motions in detail.  Other obligations will prevent it from completing a formal order before the week of August 20-24, but the court has reached preliminary conclusions.  Because the court believes it will assist the parties as they prepare for trial and consider whether they wish resolve their disputes without trial, the court will now reveal those preliminary conclusions:

1) The court will dismiss all of Plaintiff Scott Yancey's claims.  He has no rights under Defendant's insurance policy, and he has no standing to bring bad faith, Consumer Protection Act, or IFCA claims arising from Defendants' conduct. Plaintiff Elizabeth Yancey does, however, have the right to compensation for damage to Mr. Yancey's personal property.

2) Even if the insurance policy's one-year contractual limitations period has passed, that passage merely cuts off Ms. Yancey's right to sue on a breach-of-policy claim. It does not extinguish any of Defendant's obligations under the

ORDER – 2

policy, including its obligation to pay Ms. Yancey for the damage to her home and personal property.

3) The Insurance Fair Conduct Act ("IFCA") permits Ms. Yancey to recover any damages arising from an unreasonable denial of coverage or benefits due under Defendant's policy. Those damages include, but are not limited to, the amount Defendant should have paid her in accordance with its policy. IFCA does not, however, permit her to recover damages solely for breaches of the Washington Administrative Code's insurance regulations.

4) Ms. Yancey's pre-suit IFCA notice was sufficient to preserve IFCA claims arising from her claims of personal property damage as well as damage to her home.

5) The policy's "replacement cost" benefit for personal property permits Defendant to pay only actual cash value for articles of personal property whose *combined* value exceeds $2,000 and to withhold payment of replacement cost for any individual article until Ms. Yancey actually replaces it. Ms. Yancey is incorrect in her assertion that Defendants must pay replacement cost regardless of actual replacement for any single article worth less than $2,000 even where the combined value of the articles exceeds $2,000.

6) Defendant's obligation to *pay* replacement cost for the damage to Ms. Yancey's house is triggered only by Ms. Yancey actually replacing the house or repairing the damage to it.

7) Regardless of the timing of Defendant's obligation to pay replacement cost, Defendant had an obligation to work in good faith with Ms. Yancey before she repaired or replaced anything to determine with reasonable certainty the replacement cost it would pay.

ORDER – 3

8) Numerous disputes of material fact prevent the court from further resolving Ms. Yancey's bad faith, IFCA, and Washington Consumer Protection Act claims.

The court emphasizes that these conclusions are preliminary. They are, however, likely to be the court's final determinations. The court also emphasizes that it will accept no supplemental briefing or other submissions regarding the parties' summary judgment motions. The parties have already violated the court's local rules by submitting unauthorized surreplies and supplemental briefing, and the court will not consider any further submissions.

Pending further order of the court, the court VACATES the parties' pending pretrial deadlines, including their mediation deadline (which they have already complied with), and the deadlines for motions in limine, jury instructions, and other pretrial submissions. The order on the summary judgment motions will set new deadlines.

The court notifies the parties that its calendar will keep it from considering this case again until the week of August 20-24.

DATED this 9th day of August, 2012.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4